WILLIE DYER V. THE STATE.

No. 9843.   Delivered November 17, 1926.

1.—Transporting Intoxicating Liquor—Charge of Court—On Circumstantial
     Evidence—Properly Refused.

Where appellant was arrested in possession of an automobile containing
a quantity of whiskey, which he admitted belonged to him, and to no one
else, there was no error in refusing to charge on circumstantial evidence.
The fact that he testified that he had made the admission because he was
afraid would not alter the recognized rule that the proven admission or
confession of guilt by the accused would obviate the necessity for a charge
on circumstantial evidence.

**2.—Same—Requested Charge—Properly Refused.**

Where appellant requested a special charge embracing his lack of knowledge of the presence of the whiskey in the car, and other propositions relative to the ownership of the car, the control and management of same, ownership of the whiskey in question, and in addition ignores the question of principal offenders, such charge is ambiguous, and was properly refused.

**3.—Same—Bill of Exceptions—Extraneous Matters—Practice in Trial Court.**

Where a bill of exception complains of the overruling of the motion for a new trial, was not filed during term time, nor was any statement of facts heard by the trial court, when said motion was presented, filed within term time, such bill is incomplete. It is necessary that such bill of exception complaining of extraneous matters, and the statement of facts supporting the claim of error, be filed within term time. Following Black v. State, 41 Tex. Crim. Rep. 185.

**4.—Same—Statement of Accused—Res Gestae—Properly Admitted.**

Where the accused, on being arrested, while in possession of an automobile containing whiskey, stated to the officers, "This is my whiskey and no one else knew it was in the car," such statement was a part of the res gestae, and was properly admitted in evidence as such. Following Ard v. State, 101 Tex. Crim. Rep. 545.

**5.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complains that the state witness, who testified as to finding whiskey in appellant's car, searched the car, in which appellant and others were, without having a search warrant, and there was no averment in such bill that the officer found any liquor in the car, or otherwise obtained any criminative evidence, without such averment the bill is without merit.

**6.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains, in a bill of exception, that a witness laughed when asked a question and thereby indicated to the jury that appellant was guilty, and was trying to put one over on the jury, there being no certificate of the trial judge that such laugh was indulged in, or that it could have had the effect mentioned, the bill is without merit.

**7.—Same—Charge of Court—Exceptions Thereto—How Preserved.**

Exceptions to the court's charge must be presented in writing before the main charge of the court is given to the jury. On appeal such exceptions must show, or the bill of exception presenting them, that they were presented to the court before the main charge was read to the jury, were refused by the court, and exception reserved to his action, to be reviewed by this court. Following Grissom v. State, 87 Tex. Crim. Rep. 465.

**8.—Same—Evidence—Bringing Liquor Into Court—Not Improper.**

Where, on a trial for transporting intoxicating liquor, it was not improper to bring the liquor transported into court, no improper use of same being shown.

**9.—Same—Evidence—Receipt for Whiskey Seized—Not Important.**

Where officers discover and seize possession of intoxicating liquor, upon

the trial of the accused the question of a receipt vel non, given to the accused for the liquor taken, presents no defense, or material matter, on appeal.

**10.—Same—Statement of Facts—No Error Shown.**

Where appellant complains of the action of the trial court in decl.ning to grant appellant's motion to have the stenographer make a statement of facts, because he was unable to pay for one, and the record contains a duly authenticated statement of facts made and certified to by the official stenographer and duly approved by the court, such complaint is without merit.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Fairchild & Redditt* of Lufkin, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Polk County for transporting intoxicating liquor; punishment, one year in the penitentiary.

Appellant with one Pipkins and some other parties was in a car on a public road, which car was bogged in the mud. The car belonged to Pipkins. A deputy sheriff and his son came by the place and after some conversation investigated the contents of the car. A number of quarts of whiskey were found in a suit case and a bottle of the same liquid in the pocket of a raincoat, both being in the car. While a witness for himself appellant admitted that the raincoat was his, but. made no admission as to the suitcase. He also admitted that he told the sheriff and his son at the time of the finding of the whiskey in the car that it was his whiskey and not to prosecute the others. He also admitted that at said time he told the officer if he would let him go he would give him all the whiskey, his watch and $25.00 in money. He said that he made these statements because he was scared. The sheriff testified that after appellant had made bond he came to witness and wanted the car in question released to Pipkins, and that he told witness that the whiskey in the car was his. Catherine Grant swore that she was in the car at the time the officers found the whiskey and had traveled a considerable distance in same; that after

appellant made bond he came to her home, and in reply to a question asked him by witness' mother as to how the matter came up, appellant said that he did not want any of the rest of them arrested, that all the "shinny" was his.

The trial court told the jury that unless they believed beyond a reasonable doubt that appellant, either alone or acting with Pipkins, transported the liquor in question, they should acquit.

Appellant's special charge No. 1 sought to have the jury told that this was a case on circumstantial evidence. It was properly refused. It was in testimony by several witnesses that appellant admitted that the whiskey in question was his. There was no issue made of its transportation. The claim by the appellant that he made the inculpatory statements above referred to because he was afraid would not serve to alter the recognized rule that the proven admissions or confessions of guilt by the accused would obviate the necessity for a charge on circumstantial evidence.

Special charge No. 2 sought to have the jury told that if they believed appellant did not own the car, and had no control, management, etc., of same, he could not be convicted. This so manifestly presents an incorrect principle of law as to need no discussion.

Special charge No. 3 so encumbers the proposition of appellant's lack of knowledge of the presence of the whiskey in the car,—with other propositions relative to the ownership of the car, the control and management of same, ownership of the whiskey in question, and in addition so ignores the question of principal offenders, as to justify its refusal by the trial court.

Bill of exceptions No. 1 was taken to the overruling of the motion for new trial. We gather from statements in said motion and in the State's reply, that some character of motion to dismiss the indictment had been made based on some agreement. Appellant's motion to dismiss is not before us. It is referred to as being attached to the motion for new trial and marked exhibit "A" but it is not so attached, nor does it appear elsewhere in the record. If however said motion did properly appear in the record, the refusal of same could not be reviewed by us because of the fact that the bill of exceptions complaining of the overruling of the motion for new trial was not filed during term time, nor was any statement of the facts heard by the trial court when said motion was presented, filed within term time. It is necessary that such bill of exceptions complaining of extraneous matters, and the statement of facts supporting the claim

of error in such matters, be filed within term time. Black v. State, 41 Tex. Crim. Rep. 185.

The statement of appellant to the officers at the time the whiskey was found in the car to the effect that "This is my whiskey, and no one else knew it was in the car," was part of the res gestae and admissible as such. Ard v. State, 101 Tex. Crim. Rep. 545; Foster v. State, id. 628.

Bill of exceptions No. 2 complains that Mr. Parrish was permitted to testify that he searched the car in which appellant and others were on the occasion in question, without having a search warrant. There is no averment in the bill that the officer found any liquor in the car, or otherwise obtained any criminating evidence. Without such averment the bill is without merit.

There is a bill of exceptions to the fact that a witness laughed when asked a question. It is stated in the bill that such laugh indicated to the jury that appellant was guilty and was trying to put one over the jury. There is no certificate of the trial court certifying that such laugh was indulged in or that it could have had the effect mentioned. The bill presents no error.

Bill of exceptions No. 5 is so qualified as to remove any question as to the correctness of the court's action in the matter complained of.

There is nothing in or on the paper denominated "Exceptions to the court's charge," or in bill. of exceptions No. 7 referring thereto which informs us as to when such exceptions were presented to the trial court. To be considered here, we must be shown by some proper certificate that such exceptions were presented before the charge of the court was read to the jury and at a time when, in response to such exceptions, he might have corrected same. There being nothing before us to show that the trial court was given an opportunity to consider and pass on such exceptions before his charge was presented, nothing is before us for review. Grissom v. State, 87 Tex. Crim. Rep. 465.

Bills of exception Nos. 8 and 9 were taken to the refusal of the special charges above discussed.

It was not erroneous to bring the liquor in question into the court room. No improper use of same was attempted. The question of a receipt vel non given to the accused for the liquor taken from him, and whether one was given or given in proper form, presents no defense or material matter here.

There is in the record a statement of facts made and certified to by the official stenographer and duly approved by the court. This being true, we fail to observe any ground of com-

plaint at the court's action in declining to grant appellant's motion to have the stenographer make a statement of facts because he was unable to pay for one.

The facts seem overwhelmingly to support the conclusion of guilt reached by the jury. Believing that no error appears in the record, the judgment will be affirmed.

*Affirmed.*